**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 14-cv-00088 (VEB)

MANUEL VALDEZ,

                  Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2010, Plaintiff Manuel Valdez applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Monica Perales, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 10). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for benefits on October 12, 2010, alleging disability beginning March 1, 2002, due to mental and physical impairments. (T at 220-23).[1] The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On March 28, 2012, a hearing was held before ALJ John Tobin. (T at 57).   Plaintiff appeared with his attorney and testified. (T at 61-66, 69-70).  The ALJ also received testimony from Edwin Kurata, a vocational expert (T at 68-70).  A second hearing was held on July 2, 2012.  Plaintiff testified again. (T at 42-49). ALJ Tobin received testimony from Elizabeth Brown-Ramos, a vocational expert (T at 50-54).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

On July 20, 2012, the ALJ issued a written decision denying the application for benefits. (T at 11-29). The ALJ's decision became the Commissioner's final decision on November 6, 2013, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On January 6, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 3). The Commissioner interposed an Answer on August 6, 2014. (Docket No. 13).  The parties filed a Joint Stipulation on December 11, 2014. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for calculation of benefits.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

1   claimant shall be determined to be under a disability only if any impairments are of

2   such severity that he or she is not only unable to do previous work but cannot,

3   considering his or her age, education and work experiences, engage in any other

4   substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

5   1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

6   vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

7      The Commissioner has established a five-step sequential evaluation process

8   for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

9   one determines if the person is engaged in substantial gainful activities. If so,

10  benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

11  decision maker proceeds to step two, which determines whether the claimant has a

12  medially severe impairment or combination of impairments. 20 C.F.R. §§

13  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

14     If the claimant does not have a severe impairment or combination of

15  impairments, the disability claim is denied. If the impairment is severe, the

16  evaluation proceeds to the third step, which compares the claimant's impairment(s)

17  with a number of listed impairments acknowledged by the Commissioner to be so

18  severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

19  416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

20

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.     Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2002 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2007 (the date last insured). (T at 16).  The ALJ found that, as of the date last insured, Plaintiff's lumbar and cervical degenerative disc disease (status post surgeries in 2002 and 2007) and depressive disorder were "severe" impairments under the Act. (Tr. 16).

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 16).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), provided he was able to sit and stand at will, was not required to balance, only occasionally needed to stoop, kneel, crouch, and crawl; and that the work was limited to simple, repetitive work with occasional contact with the public. (T at 16-17).

The ALJ found that, as of the date last insured, Plaintiff could not perform his past relevant work as a salad maker or assembler. (T at 22).  Considering Plaintiff's age (37 years old on the date last insured), education (limited), work experience, and residual functional capacity, the ALJ found that, as of the date last insured, jobs existed in significant numbers in the national economy that Plaintiff can perform. (T at 22).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between the alleged onset date and the date last insured and was therefore not entitled to disability insurance benefits. (T at 23). As

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.     Disputed Issue**

As set forth in the Joint Stipulation entered into by the parties (Docket No. 21, at p. 4), Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed.  He contends that the ALJ did not properly assess the opinion of his treating physician, Dr. Samuel Chan.


**IV. ANALYSIS**

**A.     Consideration of Dr. Chan's Opinion**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

1    medical evidence, and/or the absence of regular medical treatment during the alleged

2    period of disability, and/or the lack of medical support for doctors' reports based

3    substantially on a claimant's subjective complaints of pain, as specific, legitimate

4    reasons for disregarding a treating or examining physician's opinion. *Flaten v.*

5    *Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

6    An ALJ satisfies the "substantial evidence" requirement by "setting out a

7    detailed and thorough summary of the facts and conflicting clinical evidence, stating

8    his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

9    1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

10   "The ALJ must do more than state conclusions. He must set forth his own

11   interpretations and explain why they, rather than the doctors', are correct." *Id*.

12   In this case, Dr. Samuel Chan treated Plaintiff beginning as early as December

13   of 2007. (T at 831).  Plaintiff saw Dr. Chan approximately once a month (T at 812-

14   40) and was still treating with him as of the administrative hearings. (T at 66).  In

15   June of 2012, Dr. Chan completed a Lumbar and Cervical Spine Residual Functional

16   Capacity Questionnaire.   He diagnosed a cervical sprain/strain and lumbar

17   sprain/strain with discopathy and radiculopathy. (T at 841).  Dr. Chan characterized

18   Plaintiff's prognosis as guarded and described Plaintiff's symptoms as including

19   constant severe neck and back pain (with shooting leg pain), difficulty sleeping, and

20

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

left leg numbness/tingling. (T at 841).  Dr. Chan also reported that Plaintiff suffered from blurry vision, vertigo, and severe headaches. (T at 841-42).  He opined that Plaintiff was not a malingerer, that emotional factors did not contribute to the severity of symptoms, and that Plaintiff's pain and symptoms would constantly interfere with his ability to attend to and concentrate on even simple work tasks. (T at 843).

Dr. Chan assessed that Plaintiff could sit or stand for 45 minutes at a time, but could not stand or sit for more than 2 hours in an 8-hour work day (assuming normal breaks).  He opined that Plaintiff would need to take unscheduled breaks and walk around for 5 minutes every 5 minutes during an 8-hour workday and would need the ability to shift positions at will.   Dr. Chan concluded that Plaintiff could not lift or carry any weight and could never twist, stoop, crouch/squat, climb ladders, or climb stairs. (T at 844-45).  He further opined that Plaintiff would have "bad days" more than 4 times per month, which would cause him to miss work. (T at 845).

The ALJ gave Dr. Chan's assessment "little, if any, weight." (T at 21).  In support of this decision, the ALJ noted that there were "gaps" in Plaintiff's treatment history, that Plaintiff's subjective complaints were "at most moderate pain," and the objective medical evidence "merely show[ed] moderate abnormalities." (T at 21).

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

1        With regard to the treatment gap, the ALJ noted that Plaintiff apparently did

2   not receive treatment between the end of 2006 and December 27, 2007, and then

3   from January 2008 to September of 2010. (T at 19).   However, the ALJ did not

4   comply with SSR 96-7p.   Under that ruling, an ALJ must not draw an adverse

5   inference from a claimant's failure to seek or pursue treatment "without first

6   considering any explanations that the individual may provide, or other information

7   in the case record, that may explain infrequent or irregular medical visits or failure to

8   seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S.

9   Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR

10  regulations direct the ALJ to question a claimant at the administrative hearing to

11  determine whether there are good reasons for not pursuing medical treatment in a

12  consistent manner").

13       An ALJ's duty to develop the record in this regard is significant because there

14  are valid reasons why a claimant might not seek treatment. For example, "financial

15  concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant

16  [may] structure[] his daily activities so as to minimize symptoms to a tolerable level

17  or eliminate them entirely." *Id.*

18       Here, although Plaintiff testified at both administrative hearings, the ALJ did

19  not question him about the treatment gaps and, thus, could have not have considered

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

any explanation he might have provided.  Moreover, Dr. Chan treated Plaintiff both before and after the treatment gaps, and nevertheless found Plaintiff's physical impairments significantly limiting, as set forth above.  Dr. Chan supported his opinion with references to clinical findings and positive objective signs. (T at 841).  This calls into further question the ALJ's heavy reliance on the treatment gaps.

The ALJ also pointed to the fact that, at various points, treatment notes indicate that Plaintiff described his pain as "intermittent," "slight," and/or "moderate." (T at 21).  However, the record also documented frequent complaints of severe pain. (T at 583, 606, 630, 687).  Moreover, rather than relying on Plaintiff's subjective descriptions of his pain over time (which varied), the ALJ should have placed greater emphasis on the particulars of Dr. Chan's opinion, which was supported by clinical findings and objective signs, and (as discussed below) was consistent with the assessments of two other treating providers.

The ALJ also found Dr. Chan's opinion contradicted by the "objective medical evidence," which (the ALJ said) "merely shows moderate abnormalities." (T at 21).  The ALJ relied upon the opinions of Dr. Bryan To (who conducted an independent medical examination in March of 2011) and Dr. B.X. Vaghaiwalla (a State Agency records review consultant who never examined Plaintiff), who

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

generally assessed moderate limitations with regard to Plaintiff's ability to perform the physical demands of basic work activity.  (T at 20, 21).

However, in addition to Dr. Chan, two other treating physicians assessed much greater limitations.  In September of 2011, a treating physician (whose name is illegible) completed a Residual Functional Capacity Questionnaire.  The physician described Plaintiff as being in constant severe lower back pain, with numbness and tingling, having constant severe headaches with blurry vision, and suffering from diffused/generalized body "bone" pain. (T at 680).   The physician opined that Plaintiff could not sit, stand, or walk for more than 2 hours in an 8-hour workday, even with normal breaks. (T at 683).  The physician found that Plaintiff would need to take frequent unscheduled breaks and shift positions at will. (T at 684).   The physician concluded that Plaintiff could not lift or carry any weight or perform postural activities and would likely be absent from work more than four days per month. (T at 685).

Dr. Enrique Gonzalez, another treating physician, completed a Residual Functional Capacity Questionnaire in December of 2011.  Dr. Gonzalez reported that Plaintiff had chronic neck and back pain, along with depression and anxiety. (T at 755-56).   He opined that Plaintiff's experience of pain was severe enough to interfere with his attention and concentration frequently. (T at 756).  He found that

Plaintiff was incapable of even "low stress" jobs. (T at 756).  Dr. Gonzalez opined

that Plaintiff could sit for less than 2 hours in an 8-hour workday and stand/walk for

about 2 hours. (T at 757).  According to Dr. Gonzalez, Plaintiff could occasionally

lift/carry less than 10 pounds, rarely lift/carry 10 pounds, and never lift more than

that. (T at 757).  He opined that Plaintiff would likely be absent from work more

than four days per month due to his symptoms. (T at 758).

The ALJ discounted Dr. Gonzalez's assessment because Plaintiff had only

treated with him for six months (T at 21), but gave significant weight to the opinions

of Dr. To (who examined Plaintiff once) and Dr. Vaghaiwalla (who never examined

Plaintiff).

The ALJ also noted (correctly) that the other treating physician (whose name

is not legible) reported that the symptoms and limitations he/she assessed applied as

of September 8, 2011 (which is after the date last insured). (T at 685).  However,

medical reports "containing observations made after the period of disability are

relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225

(9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)); *see

also Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007) (noting that

"reports containing observations made after the period for disability are relevant to

assess the claimant's disability"). Medical opinions "are inevitably rendered

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

retrospectively," and thus "should not be disregarded solely on that basis." *Smith*, 849 F.2d at 1225; *see also Ruikka v. Colvin*, No. CV-12-3112, 2014 U.S. Dist. LEXIS 22252, at *11-*12 (E.D. Wa. Feb. 20, 2014).

Lastly, and most importantly, the ALJ considered, and discounted, each of the treating physicians' opinions without considering their consistency with each other. (T at 20-21). In other words, the fact that three treating physicians (including one - Dr. Chan – with a lengthy treating relationship with Plaintiff) assessed severe limitations was highly significant. It does not appear that the ALJ gave this fact due consideration. The ALJ discounted each opinion individually, finding it inconsistent with his view of the "objective medical evidence," without (apparently) recognizing that the consistency between the three treating physician opinions was, itself, a significant piece of objective medical evidence.

When this failure is combined with the ALJ's non-compliance with SSR 96-7p and overemphasis on the varying reports of Plaintiff's subjective complaints, this Court finds that the ALJ's decision to discount Dr. Chan's opinion cannot be sustained.

## B.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

Here, for the reasons outlined above, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Chan's opinion. The record has been fully developed. Three treating physicians assessed disabling limitations and, as set forth above, the ALJ's decision to discount those opinions cannot be sustained. As such, this Court finds that a remand for calculation of benefits is the appropriate remedy.

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB

This Court notes that the Commissioner has raised a question as to whether Plaintiff was absent from the country for a period of time during the relevant time period and, thus, might not be eligible for benefits with respect to the period of absence pursuant to 20 CFR § 404.460. Nothing in this Court's decision should be read as determining that issue, which was not addressed by the ALJ. That issue will need to be addressed in the context of benefits calculation.

**V. ORDERS**

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision, GRANTING judgment in favor of Plaintiff , REMANDING this case for calculation of benefits, and CLOSING this case, without prejudice to a timely filed application for attorneys' fees by Plaintiff.

DATED, this 21st day of January, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – VALDEZ v COLVIN 14-CV-00088-VEB